Clarine EDWARDS, Plaintiff,

v.

Jack O. TILLERY, the Industrial Commission, and the State Insurance Fund, Defendants.

No. 19047.

Supreme Court of Utah.

Sept. 30, 1983.

Robert J. DeBry, Salt Lake City, for plaintiff.

Stephen Hadley, James R. Black, Salt Lake City, for defendants.

PER CURIAM:

This is a review of the denial of a claim for compensation under the Workmen's

Compensation Act.[1] The plaintiff claimed injury from smoke inhalation from a fire in the restaurant where she was employed. The medical panel reported there was no causal relationship between the inhalation and her alleged injury. Plaintiff seeks reversal of the denial of her claim, alleging that one member of the medical panel was not qualified.[2]

The physician whose expertise is questioned is a reputable internist who specialized for over 20 years in the occupational disease involved in the plaintiff's claim. During that time and thereafter, the physician served as professor at the University of Utah medical college. It is unrefuted that his capabilities extended to the sub-specialty known as "pulmonary disease."

The claim of disqualification rests only on the fact that the physician had left active practice and that he therefore no longer "treated" patients under the statutory terminology employed. The doctor had changed his line of endeavor in order to represent businesses and to pursue teaching. In every respect he was concerned with, advised as to, and taught the proper "treatment of the disease or condition involved," as stated in the statute.

The plaintiff's attempted denigration of the doctor's professionalism so as to render suspect the Commission's order is without substance. We need not search the statute in this case to arrive at legislative intent, since under the clear language thereof the physician is qualified. He was "specializing in the treatment of the disease," irrespective of the question of treating patients on an individual appointment basis.

The order denying compensation is affirmed.

---

1. U.C.A., 1953, § 35–1–1, *et seq.*

2. U.C.A., 1953, § 35–1–77 deals generally with the "qualifications," and U.C.A., 1953, § 35–2–

56 calls for a physician "specially trained" who is "specializing in the treatment of the disease or condition involved."